

September 14, 2023

Hon. Jed S. Rakoff
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1340
New York, NY 10007

Re: *United States v. Moayedi*, 22 Cr. 188

Dear Judge Rakoff:

The Court ordered that the *Fatico* hearing be "limited to the dispute over whether the defendant provided inadequate construction for the projects he was in charge of, and if so, whether he did so intentionally or at least with reckless disregard." 8/14/23 Memo. The parties have been unable to reach an agreement as to the scope of the construction-related matters to be presented at the hearing. *See* Exhibit A (8/31/23 Ltr. to Gov't). The Government has informed the defense that it continues to investigate construction issues and will present evidence of matters that were not addressed in the PSR or their sentencing submissions at the upcoming hearing.

The Government bears the burden of showing that (1) Montage's work was "inadequate" because it violated a specific provision of the applicable contract; and (2) Mr. Moayedi acted intentionally or with reckless disregard. Consistent with Second Circuit precedent, Mr. Moayedi requests meaningful notice in advance of the *Fatico* hearing as to what "inadequate construction" claims will be addressed. Because, as we understand it, the Government will raise issues that occurred during seven multi-million and multi-year construction projects performed across the globe, Mr. Moayedi will be unable to prepare for the hearing—including obtaining experts to testify that the work complied with the contracts—unless the Court requires the Government to provide this notice.

**The PSR Already Identifies Numerous Alleged Construction Issues.** The PSR lists 39 specific construction issues and 5 additional "quality of personnel" issues, along with two "case studies" about projects in Ecuador and Sudan. ¶¶ 96-112. The Government has investigated this matter for over six years. Mr. Moayedi should not have to defend against a moving target, with an unknown number of new issues presented at the *Fatico* hearing.

**Mr. Moayedi Is Entitled to Meaningful Notice.** "It is well established that a defendant has a due process right not to be sentenced on the basis of information that is materially false, and that that right is protected by affording the defendant notice of and an opportunity to respond to information on which the court intends to rely in imposing sentence." *Hili v. Sciarrotta*, 140 F.3d 210, 215 (2d Cir. 1998) (citing *Townsend v. Burke*, 334 U.S. 737, 741 (1948)). The Court has an obligation to ensure that Mr. Moayedi is not sentenced based on "materially false" facts and that Mr. Moayedi is granted the "opportunity to correct" any incorrect facts "by the services which counsel would provide." *Townsend*, 334 U.S. at 741.

Notice in a PSR, and the dictates of Rule 32, are not mere formalities. A "defendant—even one who pleads guilty—has a due process right to reasonably contest errors in the PSR that affect his sentence." *United States v. Lee*, 653 F.3d 170, 174 (2d Cir. 2011). In *United States v. Cervantes*, 878 F.2d 50 (2d Cir. 1989), the trial judge relied on facts not included in the PSR to upwardly depart from the Guidelines. The Second Circuit explained that "this case raises serious concerns about notice and the defendant's meaningful opportunity to be heard." *Id*. at 55. The federal rules

require that the PSR be disclosed in advance to the defendant to "'ensure accuracy of sentencing information.'" *Id* (quoting Advisory Committee Notes of the 1983 amendment to Rule 32). Because the trial court "relied upon matters not mentioned in the [PSR], or not highlighted in a fashion that would clearly convey their significance to defense counsel, he compounded the problem." *Id*. at 56. The Second Circuit vacated the sentence.

Although the Second Circuit has not specifically addressed what must be included in "notice" for a *Fatico* hearing, its decisions in other contexts demonstrate that "meaningful notice" means that the defendant has sufficient information to prepare to challenge the allegations. *See, e.g., Gjuraj v. Garland*, No. 20-3086, 2023 WL 163864, at *1 (2d Cir. Jan. 12, 2023) (in asylum context, ALJ gave "meaningful notice" of government's claim that applicant was not credible by identifying "similarities" between applicant's allegations of persecution and allegations in others' applications and ALJ "gave him 60 days to study the evidence and respond"); *Sira v. Morton*, 380 F.3d 57, 70 (2d Cir. 2004) (in inmate disciplinary hearing, "[t]he notice required by due process is no empty formality" and instead serves to "'inform the inmate of what he is accused of doing so that he can prepare a defense to those charges and not be made to explain away vague charges set out in a misbehavior report.'" (quoting *Taylor v. Rodriguez*, 238 F.3d 188, 192-93 (2001)).

***Discovery Is Not Notice***. The Government will likely respond that it has recently provided 555,755 pages of discovery and that it intends to provide a second tranche of the same size by September 29. The Government confuses *discovery* with *notice*; due process requires both. *See United States v. Bortnovsky*, 820 F.2d 572, 574–75 (2d Cir. 1987) (finding error in denial of bill of particulars, explaining "Government did not fulfill its obligation merely by providing mountains of documents [4000 documents] to defense counsel who were left unguided as to which documents would be proven falsified"); *United States v. Nachamie*, 91, F. Supp. 2d 565 , 574-75(S.D.N.Y. 2000) (government must notify defendant of which Medicare claims buried in 200,000 pages of discovery were fraudulent and "the manner in which" they were fraudulent).

***Mr. Moayedi's Request for Meaningful Notice***. For each construction issue on which the Government plans to present evidence at the *Fatico* hearing, Mr. Moayedi requests: (1) A brief description of the specific construction issue, including the project name/location of issue at project; (2) identification of the specific contract requirement allegedly violated; (3) date of discovery of the issue; (4) how issue was discovered (i.e., a State Department inspection); (5) description of alleged harm caused and the cost incurred to repair.

***Clarification of Scope***. Mr. Moayedi also seeks clarification that the hearing will not cover other Government allegations in its sentencing submission, such as Montage's profit margin, its use of subcontractors, or its requests for change orders. If the Court understands that these will be part of the hearing, then Mr. Moayedi requests meaningful notice of these issues as well.

Sincerely,

Sara E. Kropf, Esq.
Fred Sosinsky, Esq.

*Counsel to Mr. Moayedi*