# Exhibit A



August 31, 2023

SENT VIA ELECTRONIC MAIL

Mr. Louis Pellegrino
Mr. Michael Neff
U.S. Attorney's Office for the Southern District of New York
1 St. Andrew's Plaza
New York, NY 10007

  Re: Discovery for Fatico Hearing

Dear Mr. Neff and Mr. Pellegrino:

  We write with respect to the *Fatico* hearing scheduled for October 13, 2023. Judge Rakoff noted the scope of the hearing "will be limited to the dispute over whether the defendant provided inadequate construction for the projects he was in charge of, and if so, whether he did so intentionally or at least with reckless disregard." 8/14/23 Memo. to Dkt. Clerk. We interpret this limitation to mean that the Government's evidence at the hearing should be limited to inadequate *physical* construction and not expanded to include matters such as the qualifications of employees or Montage's supposed profit margin. To the extent you disagree with our understanding, we should plan to discuss the matter by telephone so that we can raise any disagreements as to scope with the Court as soon as possible.

### Construction Issues To Be Raised at Fatico Hearing

  The Presentence Report includes several supposedly inadequate construction issues. *See* PSR ¶¶ 96-112. The PSR also states that a "tactic" used by Mr. Moayedi was "to use (or attempt to use) less construction material, less expensive construction material, or lower quality construction material." *Id*. ¶ 66 (4th bullet point). The PSR notes that this use of material was "contrary to contractual terms." Finally, at the sentencing hearing on August 11, the Government referred to two new matters, one involving mold and one involving a missing cover for certain electrical work.

  During my phone call with Mr. Neff after the hearing, he was noncommittal as to whether the Government planned to offer evidence of construction issues other than those already identified in the Presentence Report or at the sentencing hearing. The investigation of Mr. Moayedi began in 2017, and we assume the Government is therefore aware of all issues with Montage's work on these projects.

# Kropf Moseley

We request that the Government provide the defense with the following information, which is necessary to prepare for the hearing and to consult with an expert witness. Specifically, we request that the Government provide information about each instance of alleged inadequate construction on which the Government plans to rely at the *Fatico* hearing to meet its evidentiary burden. For each instance, please provide the following information:

1. A brief description of the specific construction issue, including the project name/location of issue/scope of issue.
2. Identification of the contract requirement that the Government claims Montage failed to meet.
3. Date of discovery of the issue
4. A description of who discovered the issue and how it was discovered (for example, through an OBO inspection)
5. A description of the alleged damage or harm caused by the issue and the cost, if any, of repairing the issue after Montage's work was completed.
6. Identification of any other contractors who have worked at the applicable project site after Montage's work was completed, and the scope of the work each contractor completed.

### *Other Documents*

We recognize that the Court ordered the Government to produce only *Jencks* material in advance of the *Fatico* hearing. However, now that we have had a chance to consider the scope of the hearing, we request the following additional documents to assist in our preparation for the hearing and possible consultation with an expert witness. Some of these documents may be available in ProjNet and we could discuss them on a telephone call.

1. All communications to/from Montage about each issue identified above and all communications within the Department of State (or its contractors) about each issue identified above, to the extent those communications are not available in ProjNet.
2. All photographs taken by DOS of each issue identified above, including the date of the photograph.
3. Original bid documents from DOS, including the documents showing the existing conditions of buildings for which the project included renovations.
4. The pre-design site survey conducted by Montage.
5. All construction inspection documents from on-site and DC-based DOS employees or contractors, including the inspections conducted in advance of approval of payments.
6. All design submissions by Montage and comments from DOS in response to each submission.
7. Documents sufficient to show how much DOS paid to Montage on each project.
8. Montage's QuickBooks file for the time period of the projects at issue.
9. Documents that the Government claims show Mr. Moayedi provided inadequate construction work on these projects intentionally or with reckless disregard.
10. All CPARS for Montage from 2000 to the present.

Kropf Moseley

*Other Matters Raised in PSR*

The PSR includes several paragraphs about "Fraud in the Execution of Government Contracts." PSR ¶¶ 66-76. If the Government plans to raise matters other than these construction issues at the *Fatico* hearing, we request the following information and documents:

1. *Requests for Equitable Adjustment (REA) and Time Impact Analyses (TIA)*. Please provide a copy of all REAs or TIAs that the Government asserts are fraudulent or show an effort to "intentionally delay completion" of any project. PSR ¶ 66 (1st bullet). All payments made to Montage because of Montage's submission of an REA or increased payments to Montage as the result of an extension of time following a TIA.
2. *Type of construction material used*. Please provide a copy of documents showing the "use (or attempts to use) of less construction material, less expensive construction material, or lower quality construction material than was required by contract," to the extent these issues are not already identified above.
3. *Montage profit*. Please provide documents showing Montage's actual profit earned. We understand that the Governmetn provided certain spreadsheets during discovery that purport to show profit, but they do not include a calculation for profit and at times do not identify the project for which the spreadsheet purports to provide financial information.
4. *Underbidding competitors*. Please provide bids for all competitors for each project on which the Government claims Montage committed fraud, as well as the Independent Government Estimate for each project, and a copy of the Price Negotiation and Award Determination Memorandum, similar to the one provided in discovery already with the bates number USAO_0002556-0002614 for the Hong Kong project.
5. *As built drawings*. Please provide a copy of all as-built drawings that the Government contends are part of Mr. Moayedi's fraud. In addition, please provide documents and any photographs showing how the as-built drawings for the Guayaquil project "do not match the existing conditions of the compound in at least two respects: the first involves a portion of the electrical system, and the second involves the potable water system at the compound." PSR ¶ 76.

*Witnesses*

Please provide the name and contact information for each witness that the Government plans to call at the *Fatico* hearing, as well as all interview memoranda for each witness. To the extent the Government plans to offer statements by a witness through means other than live testimony, please provide a copy of all interview memoranda for each witness and documents referenced in those memoranda.

# Kropf Moseley

***Mr. Moayedi's Computer***

To help us prepare for the hearing, we request that the Government provide a copy of Mr. Moayedi's laptop. We can provide you with a hard drive to copy the image. Our client would like to review his computer to assist in our preparation for the upcoming hearing.

**Brady** *Material*

Under *Brady v. Maryland*, the prosecution bears a constitutional duty to disclose evidence favorable to the accused when it is "material either to guilt or to punishment." 373 U.S. 83, 87 (1963). This duty of disclosure continues through sentencing. *Cardoso v. United States*, 642 F. Supp. 2d 251, 262 (S.D.N.Y. 2009). Mr. Moayedi requests all material in the Government's possession that supports his defense at the *Fatico* hearing that he never intended to, nor did he in fact, provide substandard construction work on these projects. For example, email communications from Mr. Moayedi to employees showing efforts to comply with contractual obligations, or fix problems when the DOS raised them, would be material and exculpatory.

Given the relatively short time frame before the hearing, please let me know when you are available to discuss our requests. I am available most of Thursday and Friday this week, or on Tuesday next week.

Regards,

Sara E. Kropf