

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 15, 2023

The Honorable Jed S. Rakoff
United States District Court
Southern District of New York
New York, New York 10007

      Re:    *United States v. Sina Moayedi*, S1 22 Cr. 188 (JSR)

Dear Judge Rakoff:

      The Government respectfully submits this letter in opposition to the defense's request for (essentially) a bill of particulars in advance of the upcoming *Fatico* hearing in this case. (Dkt. 47). The Court has appropriately denied this request twice already. If it is necessary to rule at all, the Court should deny this request again for several reasons: (1) the Court has already outlined, with specificity, what each party must produce and by when—and that ruling is correct; (2) the defense already has a significant head start in its preparation for the hearing, because of the specificity of the many construction (and construction-related) issues set forth in the PSR (as well as those in the Government's sentencing letters and those discussed during the initial sentencing hearing last month); (3) the defense is not entitled to (essentially) a bill of particulars for a *Fatico hearing*, and cites no relevant authority for its request; and (4) the Government has gone well beyond what the Court ordered, in several respects discussed below, to assist the defense in its hearing preparation.

      At the initial sentencing hearing last month, it became clear that the parties disagreed about the quality of Montage's construction and Moayedi's state of mind as to that issue, so the Court ordered a *Fatico* hearing. At the initial sentencing hearing, the defense requested "discovery at least with regard to the specific issues that the government intends to elicit." (Sent. Tr. 50). The Court rejected that request and instead ordered that, by ten business days before the hearing, both parties must provide the other a witness list, a summary of each witness's anticipated testimony, and any 3500 (or reverse 3500) material; and further, the Government must produce government inspection reports if such a report identifies a "specific issue" about which a Government witness will testify. (Sent. Tr. 49-52). The Court recently reaffirmed this ruling, in full, in response to the defense's renewed request on September 11, 2023. (*See* 9/13/2023 Dkt. Entry).

      The Court's ruling was unquestionably correct. The defense already has a significant head start in its hearing preparations, as the PSR (i) identified 39 specific construction issues and linked each one to a specific project, and (ii) contained two extended case studies. (PSR ¶¶ 96-111). The Government's sentencing letters and statements in court provided additional examples relevant to construction. In short, the defense is extremely well-suited to prepare—unusually so. Of course, both sides (appropriately) continue to investigate and prepare for the hearing, but the Government anticipates that the various examples cited in this paragraph will be the primary (though likely not exclusive) focus of the hearing. Significantly, the defense provides no authority for the proposition that the Government must provide a bill of particulars in advance of a *Fatico* hearing. The defense cites authorities relating to a PSR, an actual sentencing, an inmate disciplinary hearing, and an

Hon. Jed S. Rakoff  September 15, 2023
United States District Judge  Page 2

immigration hearing; none of these concerns a *Fatico* hearing, as the defense acknowledges. In any event, what the defense has (and has had for the last five weeks) comes fairly close to a bill of particulars—and is considerably more than the law requires for meaningful preparation.

Further, since the initial sentencing hearing, the Government has taken various actions to assist the defense's preparation for the hearing—both by focusing the defense on the projects that will be the subject of the hearing and by ensuring the defense's access to materials that may aid their preparation. *First*, the Government has identified the eight construction projects (Lagos, Guayaquil, Hong Kong, Prague, Hamilton, Ouagadougou, Madrid, and Khartoum) that we expect to be the focus of the hearing. *Second*, the Government obtained access (for the defense) to ProjNet, which is the State Department's long-term repository for various project materials. ProjNet includes design documents, construction submittals, key personnel resumes, project execution schedules, progress photographs, daily construction reports, as-built drawings, invoices, inspection documents, meeting minutes, and electrical schematics. *Third*, the Government sent the defense video surveillance footage last week of an additional construction issue—construction workers (believed to be Montage subcontractors) accidentally causing a fire at the U.S. Embassy in Prague while engaging in welding. *Fourth*, on September 8, 2023, the Government produced the first large tranche of 3500 material. *Fifth*, at the defense's request, the Government provided images of two of Moayedi's computers. In short, the Government is mindful of the defense's need to prepare for the hearing and is actively, and frequently, facilitating their preparation.

Finally, the defense appears to suggest that the *Fatico* hearing should be limited to only "physical" construction issues. (Dkt. 47, Ex. A, 1). As the Government has told the defense, issues relating to physical construction will certainly be the hearing's primary focus, but that is only one of two issues the Government must prove. (*See* 8/14/2023 Dkt. Entry ("The hearing will be limited to the dispute over whether the defendant provided inadequate construction for the projects he was in charge of, and if so, whether he did so intentionally or at least with reckless disregard.")). A microscopic focus on nuts and bolts alone is unlikely to speak to what is in a man's mind, as the defense knows. The quality of Montage's work is a function of, and is inextricably intertwined with, Moayedi's business and personnel practices—topics the defense is certainly on notice of, due (again) to the detailed information in the PSR and the Government's sentencing letters (*e.g.*, if Moayedi assigned inept, unqualified employees to a project, that is likely to impact quality and is also relevant to state of mind). In conclusion, the Government is not legally required to telegraph precisely how it intends to prove everything, nor is it practical to do so, especially before it has fully prepared. The Government's prior productions, guidance to the defense, and the current Court-ordered deadlines are more than adequate—especially in conjunction with the very detailed information in the PSR and in our sentencing letters. The defense request should (again) be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: *Michael D. Neff*
Michael D. Neff
Assistant United States Attorney
(212) 637-2107