UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    -v-

SINA MOAYEDI,

        Defendant.

22-cr-188 (JSR)

ORDER

---

JED S. RAKOFF, U.S.D.J.:

On April 19, 2023, Sina Moayedi pleaded guilty to charges of conspiracy to commit wire and bank fraud, conspiracy to commit bribery, and aggravated identity theft. The charges, and Moayedi's guilty plea, all related to Moayedi's conduct in procuring government contracts to perform construction work on U.S. embassies abroad. At Moayedi's initial sentencing hearing on August 11, 2023, the parties expressed conflicting views about matters that are relevant and material to the Court's sentencing decision -- in particular, whether Moayedi "intentionally provided substandard and shoddy workmanship in order to further line his pocket." ECF No. 45, at 29-30. As a result, the Court set a hearing under United States v. Fatico, 603 F.2d 1053 (2d Cir. 1979), to resolve, by a preponderance of the evidence, whether Moayedi "provided inadequate construction for the projects he was in charge of, and if so, whether he did so intentionally or at least with reckless disregard." Minute Entry of 8/14/2023.

1

At the initial sentencing hearing, the Court specified that, no later than ten business days before the Fatico hearing, each side must provide the other with its witness list as well as a brief summary of each witness's expected testimony and any 18 U.S.C. § 3500 material or reverse 18 U.S.C. § 3500 material. See ECF No. 45, at 49-50. In addition, the Government must produce Overseas Building Operations inspection reports to the extent that such a report identifies a specific issue about which a Government witness will testify. Id. at 50-52.

On September 11, 2023, the parties jointly called chambers to present defense counsel's request for more specific notice of the Government's anticipated evidence. In particular, defense counsel requested, "[f]or each construction issue on which the Government plans to present evidence at the Fatico hearing, . . . (1) A brief description of the specific construction issue, including the project name/location of [the] issue at [the] project; (2) identification of the specific contract requirement allegedly violated; (3) date of discovery of the issue; (4) how [the] issue was discovered (i.e., a State Department inspection); (5) description of alleged harm caused and the cost incurred to repair." ECF No. 47, at 2. Defense counsel also sought "clarification that the hearing will not cover other Government allegations in its sentencing submission, such as [Moayedi's

company's] profit margin, its use of subcontractors, or its requests for change orders." Id.

The next day, the Court communicated to counsel its denial of the request for more specific notice. The Court now reconfirms and explains that ruling. "It is well established that a defendant has a due process right not to be sentenced on the basis of information that is materially false, and that that right is protected by affording the defendant notice of and an opportunity to respond to information on which the court intends to rely in imposing sentence." Hili v. Sciarrotta, 140 F.3d 210, 215 (2d Cir. 1998). As both parties acknowledge, the Presentence Report ("PSR") lays out 39 specific construction issues, 5 additional "quality of personnel" issues, and describes two "case studies" about specific projects. ECF No. 47, at 2. And "[t]he Government's sentencing letters and statements in court provided additional examples relevant to construction." ECF No. 48, at 1. Defense counsel does not object to the Government's continued investigation of those -- and potentially other -- construction issues. Rather, defense counsel's concern pertains only to receiving sufficient notice.

The Court concludes that the discovery it has already ordered, to be concluded by ten business days before the Fatico hearing, affords Moayedi sufficient opportunity to prepare for the hearing and respond to the Government's allegations. To the extent the Government expects any witnesses will testify about construction

3

issues that were not specified in the PSR, defense counsel will have adequate notice of those because the Court has already ordered the Government to provide summaries of anticipated testimony and 18 U.S.C. § 3500 material. The Court informed the Government that, in providing such summaries, "it would not be sufficient to say that Mr. Jones is going to testify about the X project." ECF No. 45, at 50. The Government "would have to specify Mr. Jones is going to explain why the X project included," for instance, "clearly defective mold controls and how that came about and the extent, if any, to which the defendant was involved directly or indirectly." Id.

Defense counsel does not contest that the Government has already provided notice and discovery beyond what the Court has ordered. In particular, among other things, the Government identified the eight construction projects it expects to be the focus of the hearing, provided defense counsel access to a State Department database containing important documents for the construction projects, and sent images to defense counsel of two of Moayedi's computers. See ECF No. 48, at 2.

Finally, although defense counsel seeks to preclude evidence of "other Government allegations in its sentencing submission, such as [Moayedi's company's] profit margin, its use of subcontractors, or its requests for change orders," ECF No. 47, at 2, the Court declines to do so. The Government may present evidence

of such allegations to the extent they are relevant to the subject of the hearing, which, again, is whether "the defendant provided inadequate construction for the projects he was in charge of, and if so, whether he did so intentionally or at least with reckless disregard." Minute Entry of 8/14/2023.

    SO ORDERED.

New York, NY  
September 19, 2023

                                                                       JED S. RAKOFF, U.S.D.J